

RECEIVED
SEP 0 1 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| TIMOTHY SUMRALL | CIVIL ACTION NUMBER: 04-2260 |
| VERSUS | JUDGE DOHERTY |
| LINDA ABERNATHY, ET AL | MAGISTRATE JUDGE METHVIN |

And

| | |
|---|---|
| JODY CARPENTER | CIVIL ACTION NUMBER: 04-2350 |
| VERSUS | JUDGE DOHERTY |
| LINDA ABERNATHY, ET AL | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Defendants, Illinois National Insurance Company, West Texas Drum Company and Linda Abernathy, have filed a Motion to Consolidate the two above captioned personal injury actions, both of which arise out of a single motor vehicle accident occurring on October 9, 2003 in Broussard, Louisiana. Plaintiffs Timothy Sumrall and Jody Carpenter were the driver and passenger, respectively, of a single vehicle involved in the accident. Defendant Linda Abernathy was the driver of the second vehicle involved in the accident.[1]

Liability in this matter is disputed. The Timothy Sumrall law suit, docket number 04-2260, was filed on September 16, 2004, and the Jody Carpenter law suit, docket number 04-2350, was filed on October 7, 2004. The only party to oppose the Motion for Consolidation is Timothy Sumrall who

---

[1] Ms. Abernathy was employed by defendant, West Texas Drum Company, which was insured by defendant, Illinois National Insurance Company.

1

argues that although this matter involves a single incident, the nature of the injuries suffered by each party are substantially different.[2]

Consolidation is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The objective of Rule 42 is to give a court "broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."[3] In deciding whether to consolidate, a court should weigh the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that would result from the consolidation.[4] The district court may order consolidation despite the opposition of the parties.[5] The power of the district court to consolidate is purely discretionary.[6]

---

[2] Plaintiff Sumrall states that he has undergone a surgical lower back fusion and may undergo a second surgery, has incurred substantial medical bills, and has incurred substantial wage loss, while plaintiff Carpenter has suffered only a nine (9) to twelve (12) month back strain.

[3] 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2382 (2d Ed. 1995).

[4] *Id.*

[5] *St. Bernard General Hosp., Inc. v. Hospital Service Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) (citing in re: *Aircrash Disaster at Florida Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977)).

[6] *Id.* (citing *Chatham Condominium Ass'ns v. Century Village, Inc.*, 597 F.2d 1002, 1013-14 (5th Cir. 1979)).

In the instant matter, consolidation is appropriate because both law suits stem from the same accident and involve the same issues of law and fact. Failure to consolidate these cases could result in prejudice to the defendants, inconsistent verdicts, a waste of judicial economy, and inconvenience of independent witnesses and the investigating officer by forcing them to testify at two (2) separate trials. Plaintiffs argument that the matters should be tried separately due to differing injuries is unpersuasive in light of the aforementioned factors in favor of consolidation. Thus, the Court concludes that consolidation is appropriate.

For the foregoing reasons, Linda Abernathy, Illinois National Insurance Co. and West Texas Drum Co.'s Motion to Consolidate shall be GRANTED.

THUS DONE AND SIGNED in chambers this 31 day of August, 2005.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE