RECEIVED
JAN 2 3 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| TIMOTHY SUMRALL, ET AL | CIVIL ACTION NO. 04-2260 (LEAD) |
| | 04-2350 (MEMBER) |
| VERSUS | JUDGE DOHERTY |
| LINDA ABERNATHY, ET AL | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING

Pending before this Court is a Motion for Summary Judgment filed by plaintiff Timothy Sumrall. Timothy Sumrall and Jody Carpenter filed suit against defendants, Illinois National Insurance Company, West Texas Drum Company and Linda Abernathy for damages allegedly sustained in a motor vehicle accident. The crux of plaintiff's motion is "... that he was free from fault and that the accident was caused solely as a result of the negligence of Defendant, Linda Abernathy, resulting in the crash."[1]

Plaintiff has failed to identify the law upon which he bases his claim in either his complaint or his Motion for Summary Judgment.[2] Plaintiff has also failed to discuss the elements of his claim or his *prima facie* burden. Most troubling to the Court is the fact that plaintiff's counsel has presented the deposition testimony of his client as if it were uncontested fact. Plaintiff does not even

---

[1] Plaintiff's Memorandum in Support of Motion for Summary Judgment, pp. 3-4.

[2] This Court presumes plaintiff's claim is based upon Louisiana Civil Code Article 2315.

1

mention in his motion that the deposition of the defendant driver has been taken, and it is completely contradictory to plaintiff's version of events.[3] Not only has plaintiff failed to meet his burden of proof under Rule 56 of the Federal Rules of Civil Procedure, he is dangerously close, if not in violation of, the ethical and professional standards of an officer of this Court.

Considering the burden of production associated with summary judgment motions, the legal presumptions which attach to evidence produced by a non-movant, and the prohibition against weighing evidence in this context, this Court finds that the defendant's evidence concerning the following alleged facts suffices to demonstrate the existence of a genuine issue of material fact:

- The location of defendant's tractor-trailer at the time she initiated a right-hand turn into Chem Tech.

- Whether defendant Abernathy ever completely entered the left lane of U.S. Highway 90.

- Whether defendant's tractor-trailer completely blocked the left and right lanes of U.S. Highway 90 while she made a right-hand turn.

- Whether Ms. Abernathy signaled her intention to make a right hand turn by engaging her right turn signal.

- Whether without warning, Linda Abernathy attempted to make a right hand turn from the left-hand lane crossing into plaintiff's lane of traffic causing plaintiff's vehicle to collide with defendant's.

---

[3]The deposition testimony of the defendant driver, Linda Abernathy, was provided to this Court by Defendants in support of their opposition to plaintiff's motion.

2

For the foregoing reasons, plaintiff's Motion for Summary Judgment shall be DENIED in its entirety.

THUS DONE AND SIGNED in chambers this 23 day of January, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE